OPINION *Page 2 
{¶ 1} On June 7, 2007, the Richland County Grand Jury indicted appellant, Ron Jordan, on one count of trafficking in crack cocaine in violation of R.C. 2925.03 and one count of possession of crack cocaine in violation of R.C. 2925.11. Said charges arose pursuant to a search warrant executed at appellant's residence following a controlled drug buy from appellant to a confidential informant, Brandon Bryant.
 {¶ 2} A jury trial commenced on January 24, 2008. The jury found appellant guilty as charged. By sentencing entry filed January 31, 2008, the trial court sentenced appellant to an aggregate term of thirty months in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ADMITTING EVIDENCE OF PRIOR BAD ACTS, SPECIFICALLY ALLOWING THE INTRODUCTION INTO EVIDENCE OF DEFENDANT'S PRISON IDENTIFICATION CARD, AND ALLOWING APRIL THOMAS TO TESTIFY TO PRIOR BAD ACTS."
 II {¶ 5} "THE MANIFEST WEIGHT OF THE EVIDENCE WAS NOT SUPPORTIVE OF A VERDICT OF GUILTY."
 I {¶ 6} Appellant claims the trial court erred in permitting the evidence of prior bad acts specifically, the introduction of appellant's prison release identification card and the testimony of April Thomas about a previous drug buy. We disagree. *Page 3 
 {¶ 7} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 8} Appellant argues the complained of evidence violated Evid. R. 404(A) and (B) which state the following in pertinent part:
 {¶ 9} "(A) Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, subject to the following exceptions:
 {¶ 10} "(1) Character of accused. Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same is admissible; however, in prosecutions for rape, gross sexual imposition, and prostitution, the exceptions provided by statute enacted by the General Assembly are applicable.
 {¶ 11} "(B) Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 12} Evid. R. 402 governs relevant evidence and states the following:
 {¶ 13} "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of *Page 4 
Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio. Evidence which is not relevant is not admissible."
 {¶ 14} R.C. 2945.59 governs proof of defendant's motive and states the following:
 {¶ 15} "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
 {¶ 16} Mansfield Police Officer Matt Loughman testified during the execution of a search warrant with a canine unit, the dog alerted to a pair of pants in a pile of clothing on the bedroom floor. T. at 155. In searching the pants, he found in the pocket a "wad of rolled up money," several rocks of cocaine, and a "picture ID." T. at 157. The picture ID was an Ohio prison release identification card belonging to appellant. T. at 225. The items were turned over to Detective Perry Wheeler who identified the items in open court. Id.
 {¶ 17} Appellant argues the testimony on the prison release identification card was underlying prejudicial and irrelevant as the ownership of the pants was established by the testimony of April Thomas. T. at 170. First, Ms. Thomas's credibility was called into question as to whether or not she was granted probation in exchange for her testimony. T. at 176-177. Secondly, appellant testified he gave Ms. Thomas his prison *Page 5 
release identification card, and he was not in immediate possession of the pants because all persons had taken their pants off while playing video games. T. at 311-315. Appellant further testified he was too big to wear the pants as they were the wrong size. T. at 306.[1] Also, during closing argument, defense counsel argued the pants were in Ms. Thomas's control. T. at 373-374. We note the trial court gave specific instructions on the issue:
 {¶ 18} "THE COURT: Once again, folks, let me remind you that that ID, that identification card there, is admitted for the purpose of your consideration whether it helps establish the identity of who the pants belong to. It's not submitted to show that he had done bad things in the past. It's not for that purpose and you shouldn't consider it." T. at 225. See also, T. at 84-85.
 {¶ 19} We find the above evidence and argument by appellant makes the prison release identification card relevant. We find no undue prejudice because when appellant testified as promised in defense counsel's opening statement, his prior criminal convictions were placed into evidence. T. at 317-319.
 {¶ 20} Appellant also argues a violation of Evid. R. 404 when Ms. Thomas testified she was present with appellant when he engaged in a crack cocaine sale just a few days prior to the search warrant being executed. T. at 167. On direct examination, Ms. Thomas was questioned on her prior felony conviction and probation, and whether any deal was made in exchange for her testimony. T. at 164. She admitted to selling drugs on prior occasions with Mr. Bryant and also with appellant. T. at 165, 167. *Page 6 
 {¶ 21} We find this testimony goes to the credibility or lack of credibility of Ms. Thomas as a witness for the state and as to why she was testifying against appellant. We find the matter was relevant and not testimony as to appellant's prior acts but as to the sale in question.
 {¶ 22} Upon review, we find the trial court did not err in admitting the complained of evidence.
 {¶ 23} Assignment of Error I is denied.
 II {¶ 24} Appellant claims his conviction was against the manifest weight of the evidence. This assignment appears to address the possession of cocaine charge only, but we will address the evidence as to both charges.
 {¶ 25} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 26} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881. The trier of fact "has the best opportunity to view the *Page 7 
demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." Davis v. Flickinger,77 Ohio St.3d 415, 418, 1997-Ohio-260.
 {¶ 27} Appellant was convicted of trafficking in cocaine in violation of R.C. 2925.03(A) and possession of cocaine in violation of R.C. 2925.11(A) which state the following, respectively:
 {¶ 28} (A) No person shall knowingly do any of the following:
 {¶ 29} "(1) Sell or offer to sell a controlled substance;
 {¶ 30} "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person.
 {¶ 31} "(A) No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 32} The gist of appellant's argument is that Ms. Thomas's testimony lacked credibility as to the sale and as to the owner of the pants containing the crack cocaine. Although the pants in question contained appellant's prison release identification card, appellant challenges the state's theory that the pants were his.
 {¶ 33} Mr. Bryant testified as to his purchase of crack cocaine from appellant via a controlled buy on March 26, 2007. T. at 91, 125. Appellant instructed Mr. Bryant on how to enter the residence located at 658 King Street, the scene of the drug buy. T. at 128. Mr. Bryant asked appellant for a hook-up ("[m]ore than what you are supposed to get.") T. at 129. Appellant told Ms. Thomas to give Mr. Bryant "four stones." T. at 128. *Page 8 
Ms. Thomas handed Mr. Bryant the crack cocaine, but appellant took the money. T. at 130.
 {¶ 34} The drug transaction was recorded on a transmitting device and monitored by Detectives Steven Blust, Perry Wheeler, and Robert Burkes. T. at 91-101, 110-112, 132-134, 214-220, 231-232. The drugs tested positive for cocaine. T. at 194. Ms. Thomas corroborated her role in the drug buy. T. at 162.
 {¶ 35} Appellant testified the drugs found in the pants pocket were not his, and the pants were too small for him. T. at 306. The pants contained appellant's prison release identification card although he claimed to have given it to Ms. Thomas. T. at 311. Ms. Thomas testified the pants belonged to appellant. T. at 170.
 {¶ 36} Upon review, we find sufficient evidence, if believed, to find appellant guilty of the charges. Clearly the jury rejected appellant's claim that the pants were not his.
 {¶ 37} Assignment of Error II is denied. *Page 9 
 {¶ 38} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
 Farmer, J. Hoffman. P.J. and Edwards, J. concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.
[1] Appellant's defense was "if the pants don't fit, your must acquit." T. at 374, 380. *Page 1